## ADAMS v. UNITED STATES.

### No. 10900.

Circuit Court of Appeals, Ninth Circuit.

Jan. 2, 1946.

Russell E. Parsons and George Stahlman, both of Los Angeles, Cal., for appellant.

Charles H. Carr, U. S. Atty., James M. Carter and V. P. Lucas, Asst. U. S. Attys., and William Strong, Sp. Asst. to U. S. Atty., all of Los Angeles, Cal., for appellee.

Before DENMAN, STEPHENS, and ORR, Circuit Judges.

STEPHENS, Circuit Judge.

Adams, with two others, was indicted by the grand jury in two counts. He was found guilty under count 2, which charged that he did "knowingly, wilfully, unlawfully, feloniously, and fraudulently receive, conceal, buy, sell, and facilitate the transportation and concealment after importation of a certain narcotic drug, to-wit: approximately 3½ ounces of prepared smoking opium * * *." Title 21 U.S.C.A. § 174. He appeals.

Appellant in his brief states the questions presented as: (1) Was the miscon-

duct of the district attorney[1] such as to render the judgment void and unconstitutional in that it prejudiced the jury and deprived these (Adams, the only appellant) defendants of due process of law as guaranteed by the Fifth Amendment? (2) Was the evidence sufficient to sustain the conviction of the appellant Walter Adams?

■ It can be of no possible use to incorporate a detailed statement of facts in this opinion. Suffice it to say that there is ample substantial evidence to support the verdict.

■ It is claimed by appellant that certain questions propounded to him by the deputy district attorney and certain argument relating thereto constitute misconduct upon the part of the deputy district attorney so highly prejudicial to him that he has been deprived of his rights as guaranteed by the Fifth Amendment of the federal Constitution. It would appear that the deputy district attorney was pursuing a tenuous theory that $300 which was the subject of a loan between appellant and another person might be considered as having some relation to the charges under which the three men, including appellant, were being tried. During the examination the court explained to the jury certain banking practices which practically destroyed the deputy's theory. Later and after an objection had been made to remarks to the deputy in his argument to the jury, the court specifically instructed the jury as follows:

"Gentlemen of the jury: There is no evidence in the record on which any inference can be drawn that the $300.00 was given for any transaction involving opium or any drug. The only reason why I allowed it to go in is merely as a background of the relations between the parties. There was no evidence whatever that the money paid, whether it was repaid or not, that it was originally paid for any illegal transaction; and the testimony of the brother, and of the others, stands uncontradicted that it was given as a loan. So that I am instructing you to disregard any inference made by Mr. Lucas to the effect that it was given in any illegal transaction. Had the evidence shown that it was given in an illegal trans-

action, I would have then instructed you that it is to be considered only as going to the intent of the parties and not proof of the guilt of the particular offense on which they are being tried, because this is something that took place months before the transaction that is charged."

The deputy district attorney cannot properly be accused of prejudicial misconduct in the circumstances. The most that can be said is that he was laboring a vague and remote point. The court promptly told the prosecutor as much and unmisunderstandingly instructed the jury to disregard the evidence, such as it was, and to disregard the deputy district attorney's argument in regard thereto.

The trial court properly denied the motions to acquit and dismiss.

The cases cited by appellant, including Viereck v. United States, 1943, 318 U.S. 236, 63 S.Ct. 561, 87 L.Ed. 734; and Berger v. United States, 1935, 295 U.S. 78, 55 S.Ct. 629, 79 L.Ed. 1314, do not aid him.

Affirmed.

---

[1] Through error this assignment of error on its face charges the trial judge with misconduct. All parties agree that it was the intention to name the deputy district attorney instead of the judge.